Good morning. My name is Ryan Norwood and I represent the petitioner, Johnny Mitchell. I'd request to reserve two minutes of my time for rebuttal. This case involves five grounds that deserve to be heard on their merits. Two of these grounds, Grounds 11E and 12B, are ineffective assistance of counsel claims where the parties agree that there was no procedural reason why the district court shouldn't have heard them on their merits. These grounds should be remanded so the district court in the first instance can determine the merits of these claims. The three other grounds at issue … Which grounds are you talking about should be remanded, 11A and 12B? Well, I would ask that all the grounds be remanded so they can be determined on their merits. But the ones where the parties agree there was no procedural reason for them to be dismissed are 11E and 12B. The amended petition, I think, mistakenly included, headlined both of them Ground 11, but it's clear from the petition which is which. They both concern the same underlying issue, which is trial counsel and appellate counsel's failure to seek a severance of a felon in possession charge that prejudiced the defendant in his trial. The other grounds refer respectively to the substantive issue underlying those ineffective assistance claims, which is the trial court's failure to sever the charge. Well, I don't think there's any dispute on 11E and 12B, right? Well, the State on appeal is now arguing that this Court should in the first instance I'm sorry. I take that back. Yes, I understand the State's position. But in terms of whether or not they're the district, they're procedurally barred or non-exhausted, both parties are in accord on that. The only question is who decides it, this Court or the district court. Yes, Your Honor. Okay. And my position is that the district court is the court best equipped to decide. And the State says we should take it up in the first instance. Yes. And if I could address that point. There are really two problems with this Court addressing the merits of those claims in the first instance. The first problem is that we simply haven't had the opportunity to develop a record on these grounds in the district court. The second problem is to the extent that we do have a record on these grounds, the record tends to show that these claims do have merit. This is a case where Mr. Mitchell was charged in essence with participating in an armed robbery. Before, during, and after the trial, from the jury instructions, the jury was told through the information charging Mr. Mitchell with a felon in possession charge, not only that Mr. Mitchell was a convicted felon, but that that the convicted the prior felony was an armed robbery and that that armed robbery involved the use of a deadly weapon. I would submit that this was an elephant in the room that would have been impossible for the jury to ignore while deliberating Mr. Mitchell's guilt on these charges. It's not as if Mr. Mitchell's lawyer didn't have a basis at the time of trial to seek a severance of these charges. There was a Nevada statute that specifically allowed the trial court to sever a charge if it determined that it would be prejudicial to the defendant. There's Nevada case law that states that charges should be severed when there's a substantial and injurious effect upon the defendant. And there's a Federal case on point, United States v. Lane, that holds that there is a due process issue when prejudicial joinder deprives the defendant of his right to a fair trial. Trial counsel didn't do any of those things, though, and allowed the jury to hear all of this highly prejudicial information. Appellant counsel's failure to raise this issue is even more inexcusable given that after Mr. Mitchell was convicted but before his direct appeal became final, the Nevada Supreme Court addressed, decided a case called Brown v. State. And in Brown, applying those principles that I described earlier, the Nevada Supreme Court held that, in essence, as a prospective rule, felon in possession charges must always be severed from other charges just because of the danger of unfair prejudice there. But Nevada Supreme Court gave that prospective effect only. It gave a prospective effect, but in another case called Shoals v. State, it actually applied that rule to a case that was already final before Brown v. State was decided. What had happened was they had decided Shoals v. State. About a month later, Brown v. State was decided. And the defendant's appellate attorney in Shoals moved for the Nevada Supreme Court to reopen the appeal on the basis that it didn't properly consider Brown. It would appear that was a problematic argument based on the fact that Brown v. State was a prospective rule and it was decided afterwards. Counsel, we're here on EDPA review, so we can only do it if the Nevada Supreme Court has violated a clearly established rule put in place by the U.S. Supreme Court. What case are you relying on? United States v. Lane, Your Honor, which is cited within the briefs. It's a case where the Nevada – where the – sorry, the United States Supreme Court says, albeit in a footnote, but in a very clear footnote, that improper joinder of charges can rise to the level of a due process violation if it deprives the defendant of his right to a fair trial. The underlying facts in that case involve the joinder of co-defendants, but the principle announced, the citation and the facts It's a very, very general principle found in a footnote. That's a pretty thin read on which we base EDPA relief. It's a general rule, but it's still a rule, and it's a rule that would apply. Would the Nevada Supreme Court reading that rule know that its denial of relief in this case is wrong? Yes, because the Nevada – the Nevada Supreme Court actually cited Lane in Brown v. State in some earlier cases. Would it know that it would have to apply Brown retroactively? Yes. I mean, it's right there in the – in Brown itself that – Right. Does Lane deal with retroactivity? Well, the retroactivity rule is a different issue, Your Honor. I think we're discussing – I brought that up in the context of ineffective assistance of appellate counsel. I mean, even if there was no Federal rule on point, appellate counsel would still be ineffective if he failed to do what he could under State law to assist his client. So it wouldn't be necessary for the Court to find – even if the Court agreed that there wasn't a Federal issue with respect to Ground 9, which is the substantive claim that underlies the ineffective assistance of counsel claims, that still wouldn't affect the analysis of whether trial counsel and appellate counsel were ineffective for failing to seek some other basis to sever the charge. Well, that's a good segue to Ground 9. Certainly. It's a pretty tough leap to say that the State court should have sua sponte severed the trial under clearly established Federal Supreme Court law. Well, the ground is that – I think the first thing I'd say here is that I think what we're doing here is discussing the underlying merits of the claim. And this is not the basis on which the district court dismissed this claim. It was dismissed because it claimed that it failed to state a cognizable Federal claim. Yeah. With respect to the district court, I would disagree with that. Ground 9 clearly states that there was a due process violation, that the failure to sever these charges made the defendant's trial unfair. That is a cognizable Federal claim. I mean, if the ground alleged simply that there was a State law violation, that would not be a cognizable Federal claim. I think the confusion here arises from the fact that in one – the second paragraph of a seven-paragraph complaint, the Petitioner alleged – essentially alluded to Brown v. State in support of the argument. But this was never the alpha and the omega of ground 9. Okay. So your argument is that the – you want a chance to present your Federal claim and it was a cognizable claim, even though it may have some problems that Judge Bybee and I raised. Yes, Your Honor. And just in respect to the merits of the claim, I think what's involved here is an argument over the scope of clearly established Federal law that, frankly, the parties have never really had a chance to address. My contention would be is that even though it is admittedly a general rule, but it's still a rule that can be applied by a court. A court needs – a court has to look at the effect of the prejudice and determine whether or not it defies – denies the defendant his right to a fair trial. Do you want to get to your other two claims? Your time is running down. Certainly, Your Honor. With respect to ground 7, this is a Miranda issue. The only reason that the district court dismissed this issue was because – it was actually a very specific reason. It said that the Petitioner had failed to specifically state what the underlying statement the defendant made to the police was. There's no mystery as to what the statement was. Mr. Mitchell, during the interrogation that's described in some detail in ground 7, told the police that he had gone to the San Remo Casino, although he denied any – any participation or knowledge of the robbery there. This statement is mentioned several times in the record. It's also described in some detail in the Nevada Supreme Court's published opinion for Mitchell's first direct appeal. The defendants had asked for leave to amend the claim, if necessary, to put that specific statement within the four corners of the ground. But I want to address another contention, which is that an amendment shouldn't have even been necessary under these circumstances. Before you move to that, did you make a motion for that, that is, to dismiss with leave to amend? In the response to the State's motion to dismiss, counsel's argument was, first, that it was sufficient, and the alternative that the Court found that there was a problem with it, that they should be allowed leave to amend. So the request was made to the district court. Can you answer my question? There was not a specific motion made. If you don't bring a motion to dismiss with leave to amend, how is it preserved for our attention? It was the – I would note that the district court specifically acknowledged this request in its order, which dismissed the claim, although it didn't really address it on its merits. My contention would be that it was sufficiently preserved in the opposition to the motion to dismiss, where the specific request was made for an amendment. So it was a matter that was brought to the district court's attention, but wasn't allowed the Petitioner. But going to this first point, I had submitted a 28-J letter to the Court to bring the Court's attention to Dye v. Hoffbauer. I wanted to cite Dye because I think it refutes the State's position, which is advancing on this appeal, which is that this particular fact has to be within the four – the exact statement made by the defendant has to be within the four corners of the amended petition itself. Dye says otherwise. Dye notes that a court in dismissing a claim has the obligation to look at not only what's cited in the petition itself, but the exhibits that it specifically cites to. And in the amended petition, counsel cited at length to the Court the exact page, page 10 of Exhibit 27, where the statement appears that Mr. Mitchell made to the police. So it should not have been dismissed for that reason. Even if there was some issue, an amendment should have been allowed under Rule 15. The State's argument – the State doesn't claim that there was any prejudice with respect to an amendment. Its argument is now that Rule 15 simply doesn't apply to habeas proceedings based on its reading of Habeas Rules 2 and 4. I would submit in the first instance that Habeas Rule 4, by its terms, doesn't say anything at all about amendments and shouldn't be read to preclude Rule 15 or the application of any other rule. Second, even if the State was right, even if Habeas – Habeas Rule 4 was the only rule that applied here, that rule says that a district court judge should not dismiss a claim without looking at both the petition itself and the exhibits attached to it. As I've stated, the exhibits here clearly contain that statement and wouldn't resolve any mystery or confusion that the State had in regards to this – in regards to this claim. Ground four? I'd like to focus on the actual innocence argument that I – that was presented in the briefing for ground four. There was no credible evidence that Mr. Mitchell was in possession of a weapon during this robbery. There was a witness who claimed that he was holding a gun, but her testimony had some serious credibility problems. Among other things, she admitted at trial that she wasn't asked to make an identification of the defendant until four months after the offense. The jury didn't believe this witness. They acquitted Mr. Mitchell of the charge of felony in possession of a weapon. I would submit that it's impossible to reconcile that acquittal with the jury's conviction, Mr. Mitchell, for robbery with use of a deadly weapon. The reason this happened was because the jury was wrongly informed by the prosecutor that all they needed to do was to find that Mr. Mitchell had participated in a robbery. The jury was never informed that they needed to find that Mr. Mitchell was in actual or constructive possession of a weapon during this robbery. So given that there was no credible evidence that Mr. Mitchell was in actual or constructive possession, other than this witness who the jury did not believe, Mr. Mitchell was actually innocent of this offense, and the Court should be able to reach the merits of that claim for that reason. We've been cautioned about trying to make determinations based upon what we think the jury might have done, and I suppose there's some merit to that. My experience for 17 years with juries tells me at times they're puzzling. Is it fair for us to decide what we think they might have done, and then based upon that make a determination as to how an issue should be resolved? What case gives us the opportunity to do that? I can't cite a particular case for you right now, Your Honor. What I would note is that this is in some ways stronger than an actual innocence argument that might exist in another context, where, for example, a defendant was convicted of a charge by a jury, and then later on some other evidence came up that showed that he might in fact be innocent. Here, the jury acquitted Mr. Mitchell of being a felon in possession of a weapon. They didn't believe that he was in possession of a weapon. There was no dispute that he was a convicted felon at the trial. So I'm – this is a situation where I'm not asking the Court to go against what the jury found, but to simply accept the jury's finding that there was no credible evidence that Mr. Mitchell held a weapon. Is he making a schlep argument to get past the procedural bar? Yes, Your Honor. I think we have your argument in hand. Thank you. Thank you. We'll give you a couple minutes for rebuttal. Good morning. May it please the Court, my name is Vic Schulze. I'm with the Attorney General's Office in Las Vegas, representing the warden in this case. Regarding Claim 9, the Court seemed to have some interest in Claim 9 specifically. The Nevada Supreme Court in the Brown case said that that rule, the state law rule on severing the ex-felon charge is only prospective. When we argued this before Judge Proh in an argument hearing on my motion to dismiss, the claim seemed to start metamorphosizing, and it's doing that a little bit here in the appellate court proceedings. The claim as alleged in the petition, which is where we need to start, specifically said that the federal law due process violation – and we have to allege due process or they know my motion to dismiss is coming. They have to allege federal law in federal habeas. The due process claim was specifically derivative to the Nevada Supreme Court's decision in the Brown case. What the claim alleged was, because of Brown, because the Nevada Supreme Court requires severance, somehow there is a due process violation that piggybacks on that. We have yet to hear a case, notwithstanding the very generic claim of Lane that suggests in some cases severance is required when there is a generic finding of – a general finding of prejudice. We have yet to be told of one U.S. Supreme Court case that requires severance in every case of an ex-felon in possession charge. I'd also as a footnote ask, because counsel was concerned about the horrible prejudice in this case, how can there be prejudice when that was the one charge that the petitioner was acquitted of? I don't understand where we can make an argument on prejudice when the jury – and again, I accept Judge Wallace's viewpoints on guessing as to what juries are doing. Keep in mind in this case, keep in mind in this case that the charges that were convicted on included robbery with a use and burglary in possession of a deadly weapon. So the jury did not acquit on the possession charge. I would also point out that the witness who testified regarding the – and there was some conflicting evidence. One witness testified that it was the petitioner who had the gun in his hand who hopped into the casino cage. That was somebody working in the casino cage. It was another witness outside, I believe outside the casino cage, who only saw the petitioner as the lookout. And in that case, you'd have constructive possession if the jury believed the testimony of the witness inside the casino cage. You've got actual possession of a firearm. But in either case, the jury did not acquit. And that goes to the issue of actual innocence. The Nevada Supreme Court found in this case that – and I've got that on EOR 61 and 62. The Nevada Supreme Court discussed this issue, and the Nevada Supreme Court specifically said, first of all, Brown was not retroactive, but they specifically in their decision pointed out to the fact that there was some conflicting evidence, but both pieces of evidence, both of those testimonies either put the gun in the petitioner's hands constructively or actually, and so there's a lack of actual innocence. Now, Brown is a State case. Yes, sir. It is. And what we have to look at, as I understand it, is some type of showing that there's a violation of Supreme Court law. Yes, sir. Counsel has given us one case, a footnote of one case. Have you come across any other Supreme Court cases that indicate that there's been a violation of the Constitution? No, sir. And I would point out that the case that they're citing to does not – my recollection of that case, it does not discuss this specific crime and make a blunt statement across the board in every case. It is a due process violation for a group of charges to be included in a trial in a charging document when one of those is ex-felon in possession. The way they pled the claim was it's a due process violation because of Brown, and Brown's a State court case. And that's why my argument is it's piggybacked. The Federal claim is derivative because had they gone into Federal court in front of Judge Proe and argued Brown, they've got a problem because it fails to state a Federal claim. They know the motion to dismiss is coming. If they only argued due process and did not argue Brown, they've got a problem that there is no – there's no Federal – there's no U.S. Supreme Court decision directly on point, and it's got to be directly on point according to Williams v. Taylor. There is no case directly on point that deals with these facts. So the only way to get that claim in front of the U.S. District Court in a 2254 petition is to piggyback, creatively sort of intertwine what is essentially a State law claim. What I argued in my motion to dismiss in front of Judge Proe was that that was a State law claim with the Federal theories piggybacked on that, and Judge Proe accepted that. As far as Claim 7, Claim 7 was dismissed by Judge Proe as a bold claim pursuant to the habeas corpus rules 2 and 4. Mr. Mitchell is arguing that he should have had an opportunity to amend. He did have an opportunity to amend. As a matter of fact, he had two opportunities to amend, and he actually amended one time. So the question comes, how many times should Judge Proe allow an attorney-assisted petition that was crafted by the habeas corpus unit, the experts in the Federal PD's office in Las Vegas? How many times does Judge Proe have to allow amendment? Keep in mind, in this case, Mitchell filed a pro se petition. The FPD's office was appointed. They amended the petition. We went, we did some, a little bit of litigation, went back to State court. We came back to Federal court. At that point, there was another opportunity to amend. There were two opportunities to amend. There was one actual amended petition filed by the FPD. It was that amended petition that I complained about the lack of specificity that's required under the habeas corpus rules. But there really wasn't any doubt about what statement was at issue, was there? I mean, that, I've seen the Miranda lack of specificity raised when people don't know what the statement is. But I must confess, I've never seen in a case where everybody agrees what statement there was. But the statement, I can't stand here and tell you that everybody knew what that statement was because it was never put in the petition. Now, counsel's argument here today is it was there in the record. But under the cases we cited, and Adams from the Eighth Circuit, I think, is the primary case, it's not my job and it's not Judge Proh's job to peruse the entire record and all the exhibits and everything that a Petitioner can possibly throw in front of a Federal court judge to flesh out his claim. I don't think that's fair. I grant you that point. But if it's a fairly simple matter, I mean, this is not a case where multiple statements were made and are at issue, whether you have multiple interrogations or whatever. I mean, it's just one statement, right? Your Honor, I agree with you. But I think that that's so why weren't you on fair notice of what it was? Because that, the argument of the simplicity, first of all, it needs to be in the petition. I ought not have to go to external documents. But the simplicity of that statement, the simplicity argument goes both ways. Because if it was such a simple, single statement, why isn't it in the petition? Not only in the pro se petition, but after amendment and after two opportunities to amend. I don't think it's reasonable to require in an attorney-assisted petition with all of those opportunities to amend to include that document in those claims. Well, at the hearing, Judge Proh seemed to flesh out the statement, right? We discussed it. Yeah. At the hearing. Go ahead. Sorry. We discussed it at the hearing, but I think Judge Proh simply wanted to enforce the rule that it has to be in the petition. Right. He quotes the statement. I'm sorry? He quotes it. He quotes the statement, but that was after he had to go and go to all those external all the external references and dig it out himself. Well, no, he's quoting the Nevada Supreme Court. I mean, I just don't know what the mystery was on the notice to both sides. I mean, the district court knew what the statement was. The Nevada Supreme Court knew what the statement was. And I'm not whether the significance of it is, you know, might be debated, whether it was incriminated or not. And that's what Judge Proh seemed to go off on. But then his statement, he says, you didn't identify it and, therefore, you're out of court. It seems fairly hyper-technical. The fact that Judge Proh, after this case had been litigated for about three years, was finally able to go through all of the external documents and find that statement, I think, places the burden on him to have to do that. I agree with you at some point in time, some of these issues might appear hyper-technical. But I think Judge Proh, because of all the opportunities to amend, I think Judge Proh was fair in applying the habeas corpus rules and saying, notice pleading is not enough. It has to be in your petition, because in this case, we were required to go to those external documents. And I think that was the issue that Judge Proh took issue with. If I could just for a second, I don't know if you want a lot of argument on the dismissal of Claim 4. Let's simply point out in the argument, the argument from the Federal Public Defender seems to be we don't like the Vang decision from the Ninth Circuit. Vang analyzed Valerio. They're challenging Valerio. All of that is in the Vang decision. All of the issue, the distinction between a capital case and a non-capital case, and the consistent application of NRS 34-810 as a procedural bar is well in the case. The actual innocence claims way too much testimony both to actual possession and constructive possession by the petitioner of that gun for the petitioner to come in now and say there's evidence of actual innocence. Lastly, as far as if I could regarding Claims 11E and 12B, conceitedly, I offered, as the opening brief states, I, being the good guy, offered to do an answer, and I don't know what happened to these claims. Maybe Judge Pro's staff failed him on this issue. But they're easy claims because they're based on Brown. The Nevada Supreme Court, in their habeas appeal, said we're not going to apply this case retroactively. Trial counsel and appellate counsel could not have been ineffective for failing to raise a claim that did not exist and was not applicable because it's such a simple issue of law. I understand you may not be. You're now asking us to go ahead and resolve a matter on the merits that the district court didn't reach. Yes, and I understand that you may not be comfortable doing that, but the review here is de novo, and I think that gives you a little more room. If you think it's appropriate to remand, then remand would be completely appropriate as well. But I think the court can deal with that fairly simply, simply based on the Nevada Supreme Court's absolute finding, absolute ruling in the habeas case from below, in the state courts that said we are not going to apply Brown. And if Brown didn't apply to this case, it is impossible as a matter of law under Strickland for counsel to have been ineffective. Brown didn't apply. Are you taking the position we should not remand 11A and 12B? I'm not taking a firm position, Your Honor. If you think that's appropriate, it's absolutely appropriate. But I think to save some judicial resources ---- What's the position of the government on it? I'm sorry? What is the position of the government on it? My position is that it would save some judicial resources if you simply make that ruling here based on what the Nevada Supreme Court did. If you're not comfortable with that, Judge Proatt can face that issue. But I gather, I mean, sifting through your argument, you believe it's a question of law that does not require an additional evidentiary hearing. Yes, I do, because the Nevada Supreme ---- Right. The question is, did the Nevada Supreme Court apply Strickland correctly? Right. So then ---- But your counsel suggests that he may wish to present some evidence or have further arguments flesh out. Why don't you ---- I mean, I just ask you to respond to that. The issue that this Court has to deal with is simply whether or not the Nevada Supreme Court correctly applied Strickland when it looked at the issue. What they said in their habeas appeal was Brown wasn't the law at that time. We're not going to apply it retroactively. Therefore, counsel could not have been ineffective for failing to raise the issue because the issue didn't exist. That strikes me as a purely legal issue as to whether there's any wiggle room in Strickland. And I'll be candid with you. I don't think there is. I think it's purely a legal issue just on the application of Strickland. And in terms of State law, we have Brown, Scholes, anything else that we should look at? Nothing in work. All right. Thank you. Thank you, sir. Can I give you two minutes? Yes, Your Honor. Your Honor, Mr. Mitchell's position is that even if Brown v. State were never decided by the Nevada Supreme Court, there would have been a basis to seek a severance under both State and Federal law. State law, if Brown hadn't been decided, State law doesn't do us any good here. So, again, your only authority is what? Lane? The footnote in Lane? Lane for the Federal authority, although I note with respect, again, to the ineffective assistance of counsel claims. I mean, effective counsel has an obligation not just to seek severance on a Federal ground but on a State ground as well. And there were general principles in Nevada law, NRS 174, 165, allows the district court to sever a charge if it's prejudicial to the defendant. All Brown did was it applied these principles and as a prospective rule, saying that, in essence, felon in possession charges are always so unfairly prejudicial that they should always be severed. But there was no – trial counsel didn't have to wait for Brown v. State to come along to seek to do that. I'd also like to briefly address the argument made by the State that – Well, are you also raising a sort of generic severance argument of due process as opposed to the specific? Yes, Your Honor. I guess the problem here is that it would be hard to have a standard for the State. We came across with Brown, and that was very good for you. And so it's hard to resist that. But I suppose there's the underlying question of due process on severance generally, if you can show it. Yes, Your Honor. I think Lane stands for the proposition that there can be a due process violation if it impacts a defendant's right to a fair trial. Certainly, that's a somewhat general proposition. But sometimes that's all we can get from the United States Supreme Court. It can't be the – the State can't be right in suggesting that we have to wait for the United States Supreme Court to specifically say that a felon in possession charge has to be severed in order to have a clearly established Federal law to rely upon. No, but the additional hurdle you have is that there was no motion for severance, so you've got to rely on a suus boni duty or plain error. That's the – seems to me the additional hurdle you have here. It is an additional hurdle, but it is raised as – it is exhausted and not defaulted as a substantive claim. So to that extent, I think it can be considered. All right. You had one more issue you wanted to talk about? Well, if I could, I'd just briefly like to address the State's argument that Mr. Mitchell couldn't have been prejudiced by the failure to sever the felon in possession charge because he was acquitted of that count. The prejudice that Mr. Mitchell suffered wasn't just in relation to that one count. It was in relation to everything he was standing trial for. He was being tried for participating in an armed robbery that he – that – where his position was, I didn't participate in it. The jury, though, got to hear not only that he was a felon, but that he was – had been previously convicted of an armed robbery involving a deadly weapon. And our position is that poisoned the well for him for the whole trial. So even though they acquitted him of the felon in possession charge, they couldn't ignore that when they were deliberating his guilt on the other charges and unfairly prejudiced him. Very good. Thank you both for your arguments. And the case just argued will be submitted.
judges: Wallace, Thomas, Bybee